Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO<br><br>Demandante-Recurrido<br><br>Vs.<br><br>IBIS GISELA RULLÁN RODRÍGUEZ, MARIO EMMANUELLI GALARZA Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Demandados-Peticionarios | KLCE202201390 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2019CV01308 (406)<br><br>Sobre:<br>Cobro de Dinero, Ejecución de Prenda e Hipoteca |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró

Méndez Miró, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2023.

La Sra. Ibis G. Rullán Rodríguez, el Sr. Mario Emmanuelli Galarza y la Sociedad Legal de Bienes Gananciales que componen entre sí (matrimonio Rullán-Emmanuelli) solicitan que este Tribunal revise una *Resolución* que emitió el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 5 de octubre de 2022. En ésta, el TPI desautorizó las enmiendas a la *Contestación a la Demanda* y la reapertura del descubrimiento de prueba.

Se deniega la expedición del *certiorari*.

**I. Tracto procesal**

El 18 de abril de 2019, el Banco Santander Puerto Rico presentó una *Demanda* sobre cobro de dinero y ejecución de prenda e hipoteca contra el matrimonio

Número Identificador

RES2023_____

Rullán-Emmanuelli.[1] El 19 de junio de 2019, el matrimonio Rullán-Emmanuelli presentó su *Contestación a Demanda*.[2]

Más adelante, el 11 de noviembre de 2019, las partes sometieron un *Informe sobre Conferencia con Antelación al Juicio Enmendado*.[3] Si bien el TPI señaló el juicio para el 24 de febrero de 2020, lo suspendió cuando el abogado original del matrimonio Rullán-Emmanuelli renunció a su representación legal. El 28 de julio de 2020, el Lcdo. Josué E. Castellanos Otero asumió la representación legal del matrimonio Rullán-Emmanuelli.

El 22 de septiembre de 2021, el matrimonio Rullán-Emmanuelli instó una *Moción Solicitando Autorización para Enmienda a la Contestación a la Demanda, Presentación de Reconvención y Reapertura del Descubrimiento de Prueba*.[4] El 4 de octubre de 2021, FirstBank Puerto Rico, sucesor en derecho de Banco Santander Puerto Rico (FirstBank), se opuso mediante una *Oposición a "Moción Solicitando Autorización para […]"*.[5]

Posteriormente, el 29 de septiembre de 2021, se celebró una vista de estatus.

Tras otros trámites procesales,[6] el 4 de mayo de 2022, el TPI falló a favor de reabrir el descubrimiento de prueba, únicamente para propósitos de llevarse a cabo una prueba caligráfica.[7] El 17 de mayo de 2022, FirstBank sometió una *Solicitud de Reconsideración*. El matrimonio Rullán-Emmanuelli se

---

[1] Apéndice de *Petición para que se Expida Auto de Certiorari*, págs. 2-5a.
[2] *Íd.*, págs. 6-7.
[3] *Íd.*, págs. 8-15.
[4] *Íd.*, págs. 16-44.
[5] *Íd.*, págs. 45-46.
[6] Éstos incluyen una denegada petición de *certiorari* ante nuestra Curia (KLCE202101398).
[7] Apéndice de *Petición para que se Expida Auto de Certiorari*, págs. 49-50.

opuso el 1 de junio de 2022 mediante una *Moción en Oposición a Reconsideración*.[8]

El 5 de octubre de 2022, el TPI emitió una *Resolución* mediante la cual declaró con lugar la *Solicitud de Reconsideración* de FirstBank.[9] El 20 de octubre de 2022, el matrimonio Rullán-Emmanuelli presentó una *Moción de Reconsideración/Reiteración de Solicitud de Enmiendas y Moción de Desestimación por Falta de Acumulación de Parte Indispensable y Falta de Legitimación Activa*.[10] El TPI la declaró no ha lugar el 16 de noviembre de 2022.[11]

Inconforme, el 19 de diciembre de 2022, el matrimonio Rullán-Emmanuelli presentó una *Petición para que se Expida Auto de Certiorari* e indicó:

> Erró el [TPI] al emitir una Resolución denegatoria a la Moción de reconsideración/reiteración de solicitud de enmiendas y moción de desestimación por falta de acumulación de parte indispensable y falta de legitimación activa radicada para revisar la Resolución emitida por el [TPI] con fecha de 5 de octubre de 2022.

Por su parte, el 12 de enero de 2023, FirstBank presentó su *Alegato en Oposición*.

Con el beneficio de la comparecencia de las partes, y el derecho y la jurisprudencia aplicable, se resuelve.

## II. Marco Legal

### A.    *Certiorari*

El auto de *certiorari* es el vehículo procesal mediante el cual este Tribunal puede revisar un dictamen del tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Este recurso se distingue por

---

[8] *Íd.*, págs. 54-56.
[9] *Íd.*, págs. 57-73.
[10] *Íd.*, págs. 74-113.
[11] *Íd.*, pág. 1.

la discreción de este Tribunal para autorizar su expedición y adjudicar sus méritos. *Íd.*, pág. 338. Esto es, distinto a las apelaciones, este Tribunal decide si ejerce su facultad de expedir el recurso. *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece la autoridad limitada de este Tribunal para revisar las órdenes y las resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. La Regla 52.1, *supra*, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de estos elementos está presente en la petición ante la consideración de este Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean*

*Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

De conformidad, para determinar si procede la expedición de un *certiorari* se debe acudir a la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, esta regla no constituye una lista exhaustiva y ninguno de estos criterios es determinante por sí solo. *García v. Padró*, *supra*, pág. 335, n. 15. El Foro Máximo ha expresado que este Tribunal debe evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir

y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

La interferencia de este foro con la facultad discrecional del TPI solo procede cuando este: "(1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Así, "las decisiones discrecionales que toma el Tribunal de Primera Instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). Ello se debe a que "los foros apelativos no deben pretender administrar ni manejar el trámite regular de los casos ante el foro primario". *Íd*.

La determinación de que un tribunal abusó de su discreción está atada íntimamente al concepto de la razonabilidad. *Íd*., págs. 434-435. Nuestro Foro Más Alto definió la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd*., pág. 435; *IG Builders et al. v. BBVAPR*, *supra*, pág. 338. Además, explicó que la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna", así como tampoco implica "poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 435; *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Por lo cual,

el auto de *certiorari* debe usarse con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 18 (1948).

A la luz de la normativa, se resuelve.

### III. Discusión

En suma, el matrimonio Rullán-Emmanuelli sostiene que el TPI erró al desautorizar las enmiendas a la *Contestación a la Demanda* y la reapertura del descubrimiento de prueba.

Según se indicó en la Sección II de esta *Resolución*, la Regla 52.1 de Procedimiento Civil, *supra*, limita las instancias en las que una determinación interlocutoria es susceptible a revisión. Además de las instancias específicas que se enumeran en la regla, este Tribunal puede revisar cualquier determinación interlocutoria con la que sea necesario intervenir para evitar un fracaso a la justicia.

Ahora bien, la expedición del recurso de *certiorari* al amparo de la Regla 52.1 de Procedimiento Civil, *supra*, no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 de este Tribunal, *supra*. Este no es el caso.

Examinado el expediente, este Tribunal concluye que este caso no presenta alguno de los siete criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, y no identifica una situación por la cual se deba expedir el auto que solicita el matrimonio Rullán-Emmanuelli. Ausente error, prejuicio o abuso de discreción, no procede intervenir con el dictamen del TPI.

### IV.

Por los fundamentos expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones